UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JANEL WHITBECK,

                      Plaintiff,

      v.                                        3:25-CV-00673 (AMN/ML)

OTSEGO COUNTY; OTSEGO COUNTY
SHERIFF'S OFFICE; DEPUTY E.
LINCOLN, in her individual and official
capacities; and DEPUTY J. SMITH, in his
individual and official capacities,

                      Defendants.

---

**APPEARANCES:**                                     **OF COUNSEL:**

**JANEL WHITBECK**
225 Main Street
Franklin, New York 13775
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On May 27, 2025, Plaintiff *pro se* Janel Whitbeck commenced this action and asserted claims of false arrest and deliberate indifference to medical needs pursuant to 42 U.S.C. § 1983, as well as claims pursuant to the Americans with Disabilities Act ("ADA") and the New York State Andrew Kearse Act, N.Y. Exec. Law § 837-u, against Otsego County, the Otsego County Sheriff's Office, and Otsego County Sheriff's Deputies Lincoln and Smith in their individual and official capacities. Dkt. No. 1. Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. This matter was referred to Magistrate Judge Miroslav

Lovric, who, on September 24, 2025, granted Plaintiff's motion for leave to proceed IFP. Dkt. No. 5.

Also on September 24, 2025, after conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e), Magistrate Judge Lovric issued an Order and Report-Recommendation recommending that (i) Plaintiff's false arrest and deliberate indifference claims be permitted to proceed against Otsego County and Defendants Lincoln and Smith in their individual and official capacities; (ii) Plaintiff's ADA claim be permitted to proceed against Otsego County and Defendants Lincoln and Smith in their official capacities; and (iii) Plaintiff's claims under the New York State Andrew Kearse Act and Plaintiff's claims against the Otsego County Sheriff's Office be dismissed with prejudice. Dkt. No. 5 ("Report-Recommendation"). Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. Dkt. No. 5 at 14.[1]

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety, except that it dismisses Plaintiff's false arrest and deliberate indifference claims against Defendants Lincoln and Smith in their official capacities with prejudice and without leave to amend and permits Plaintiff's ADA claim to proceed against Defendants Lincoln and Smith in their official capacities only to the extent Plaintiff seeks prospective injunctive relief.

## II. BACKGROUND

On March 1, 2025, Defendants Lincoln and Smith arrested Plaintiff for petit larceny. Dkt. No. 5 at 2 (citing Dkt. No. 1 at 2). Plaintiff alleges that, shortly before her arrest, she experienced

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

a medical emergency while attempting to complete a transaction at Walmart. *Id.* (citing Dkt. No. 1 at 2). Specifically, Plaintiff alleges that her trained service dog alerted her to the onset of a transient ischemic attack (referred to as "TIA"), and when she attempted to return to her vehicle to access medication, Walmart staff stopped her, took her to the security office, and summoned law enforcement. *Id.* (citing Dkt. No. 1 at 2).

Plaintiff alleges that she was visibly impaired; she was wearing a medical alert bracelet, her speech was garbled, and her gait was unsteady. *Id.* (citing Dkt. No. 1 at 2). Plaintiff alleges that during Defendant Lincoln's search of Plaintiff she observed her medical alert bracelet. *Id.* (citing Dkt. No. 1 at 2). Plaintiff further alleges that Defendant Smith physically steadied her, which indicated his awareness of Plaintiff's impairment. *Id.* (citing Dkt. No. 1 at 2). Defendants Lincoln and Smith then allegedly proceeded to book, fingerprint, and photograph Plaintiff while she was exhibiting a facial droop consistent with a TIA. *Id.* (citing Dkt. No. 1 at 2).

### III.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138,

2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV.   DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Lovric recommended that Plaintiff's claims against the Otsego County Sheriff's Office be dismissed with prejudice.  Dkt. No. 5 at 6.  Specifically, Magistrate Judge Lovric noted that a municipal department "does not have the capacity to be sued as an entity separate from the municipality in which it is located." *Id.* at 5 (quoting *White v. Syracuse Police Dep't*, No. 18-cv-1471, 2019 WL 981850, at *3 (N.D.N.Y. Jan. 7, 2019)).  Under New York law, "a department of a municipal entity is merely a subdivision of the municipality and has no separate

4

legal existence." *Hoisington v. County of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999); *see also Dudley v. Hochul*, No. 24-cv-0048, 2024 WL 1906594, at *9 (N.D.N.Y. May 1, 2024) (dismissing claims against the Onondaga County Sheriff's Office because it was not amenable to suit), *report and recommendation adopted*, 2024 WL 2399913 (N.D.N.Y. May 23, 2024).

Second, Magistrate Judge Lovric addressed Plaintiff's claim of false arrest under the Fourth Amendment against Defendants Lincoln and Smith in their individual and official capacities. Dkt. No. 5 at 6-7. Magistrate Judge Lovric noted that, when analyzing constitutional claims of false arrest, courts generally look to the law of the state where the arrest occurred. *Id.* at 6 (citing *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007)). "To establish a claim of false arrest under New York law, the plaintiff must show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Id.* (internal brackets omitted) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456 (N.Y. 1975)). Confinement is otherwise privileged when officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* at 6-7 (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Here, Plaintiff alleges that she experienced a TIA while attempting to complete a transaction at Walmart, and in the course of her attempt to access medication in her car, Walmart staff summoned law enforcement. Dkt. No. 5 at 2 (citing Dkt. No. 1 at 2). Plaintiff further alleges that despite their awareness of her impairment, Defendants Lincoln and Smith proceeded to arrest her. *Id.* Magistrate Judge Lovric recommended that Plaintiff's claim for false arrest against Defendants Lincoln and Smith proceed. *Id.* at 7.

Third, Magistrate Judge Lovric addressed Plaintiff's claim of deliberate indifference to

medical needs under the Fourteenth Amendment against Defendants Lincoln and Smith in their individual and official capacities. *Id.* at 7-8. Courts evaluate claims of deliberate indifference that arise during the course of a pretrial arrest and detainment under the Due Process Clause of the Fourteenth Amendment. *Mills v. Fenger*, 216 F. App'x 7, 10 (2d Cir. 2006) (citing *Weyant*, 101 F.3d at 856). Magistrate Judge Lovric noted that a plaintiff must demonstrate that (i) an official denied plaintiff the treatment needed to remedy a serious medical condition, and (ii) the official denied such treatment because of his deliberate indifference to that need. Dkt. No. 5 at 7-8 (citing *Mills*, 216 F. App'x at 10). Here, among other things, Plaintiff alleges that in connection with her arrest for petit larceny, Defendants proceeded to book Plaintiff after she explained that she was experiencing a TIA and while she was exhibiting symptoms of a TIA. S*ee id.* at 2 (citing Dkt. No. 1 at 2). Magistrate Judge Lovric recommended that Plaintiff's medical indifference claim proceed against Defendants Lincoln and Smith. *See id.* at 8.[2]

Fourth, Magistrate Judge Lovric addressed Plaintiff's claims of false arrest and deliberate indifference against Otsego County. Dkt. No. 5 at 8-9. "[T]o hold a municipality liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a

---

[2] To the extent that Plaintiff brings her false arrest and deliberate indifference claims against Defendants Lincoln and Smith in their official capacities, "this District has held that [Section 1983] claims against municipal officers in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant." *Sears v. Carmichael*, No. 18-cv-909, 2018 WL 7291417, at *2 (N.D.N.Y. Aug. 6, 2018) (internal citations and quotations omitted), *report and recommendation adopted*, 2019 WL 587587 (N.D.N.Y. Feb. 13, 2019). Since Plaintiff also names Otsego County as a defendant in this action, Plaintiff's Section 1983 claims against Defendants Lincoln and Smith in their official capacities are redundant of her claims against Otsego County. *See, e.g.*, *id.* (recommending dismissal of plaintiff's *Monell* claims against the individual defendants in their official capacities as "redundant," given that plaintiff also named the town of Saranac Lake as a defendant). Accordingly, Plaintiff's false arrest and deliberate indifference claims against Defendants Lincoln and Smith in their official capacities are dismissed with prejudice and without leave to amend.

denial of a constitutional right." *Adams v. City of Syracuse*, No. 21-cv-650 (AMN/MJK), 2025 WL 2772081, at *28 (N.D.N.Y. Sept. 29, 2025) (internal brackets omitted) (quoting *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020)). A plaintiff can establish the existence of an official policy or custom through "(1) a formal policy endorsed by the municipality; (2) actions directed by the government's authorized decisionmakers or those who establish governmental policy; (3) a persistent and widespread practice that amounts to a custom of which policymakers must have been aware; or (4) a constitutional violation resulting from policymakers' failure to train municipal employees." *Deferio v. City of Syracuse*, 770 F. App'x 587, 589-90 (2d Cir. 2019) (internal quotations, citations, and brackets omitted). Here, Magistrate Judge Lovric recommended that Plaintiff's claims against Otsego County, in which she alleges that Otsego County failed to train or supervise Defendants Lincoln and Smith, be permitted to proceed. Dkt. No. 5 at 9.

Fifth, Magistrate Judge Lovric addressed Plaintiff's claim alleging a violation of Title II of the ADA. *Id.* at 9-11.[3] "To establish a violation of the ADA, the plaintiff must demonstrate (1) that she is a 'qualified individual' with a disability; (2) that the defendants are subject to the ADA; and (3) that she was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant by reason of her disability." *Id.* at 10 (quoting *Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189, 196-97 (2d Cir. 2014)). Magistrate Judge Lovric found that Otsego County is a public entity that is subject to the ADA, and Plaintiff appeared to be a qualified individual with a

---

[3] Magistrate Judge Lovric recommended that Plaintiff's ADA claim proceed against Defendants Lincoln and Smith only in their official capacities because Title II of the ADA does not permit individual capacity suits against state officials. Dkt. No. 5 at 11 n.6 (quoting *Hill v. LaClair*, No. 20-cv-441, 2020 WL 2404771, at *7 (N.D.N.Y. May 11, 2020)).

7

disability who plausibly alleged that Defendants Lincoln and Smith wrongfully arrested her because Plaintiff's actions in response to her disability were misinterpreted as criminal activity. *Id*. Magistrate Judge Lovric noted that Plaintiff alleged that Defendants Lincoln and Smith observed her in a disoriented state, wearing her medical alert bracelet, and she informed Defendants that she suffers from the risk of a TIA. *Id.* at 10-11. Accordingly, Magistrate Judge Lovric recommended that Plaintiff's ADA claim be permitted to proceed against Otsego County and Defendants Lincoln and Smith in their official capacities. *Id.* at 11.[4]

Sixth, Magistrate Judge Lovric addressed Plaintiff's claims pursuant to the New York State Andrew Kearse Act. *Id.* at 11-12. Magistrate Judge Lovric noted that the New York State Andrew Kearse Act is an unenacted New York State Assembly Bill that imposes criminal liability for failure to obtain medical care for a person in custody displaying medical distress. *Id.* at 11.[5] Magistrate Judge Lovric further noted that there is no private right of action to enforce federal or state criminal statutes. *See id.* at 12 (citing, *inter alia*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Thus, Magistrate Judge Lovric recommended that this claim be dismissed for failure to state a claim without leave to amend.

---

[4] To the extent that Plaintiff's ADA claim against Defendants Lincoln and Smith in their official capacities seeks prospective injunctive relief, such claim may proceed. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (holding that Title II ADA suits for prospective injunctive relief may proceed against individual officers in their official capacities). However, Plaintiff's ADA claim against Defendants Lincoln and Smith in their official capacities seeking monetary relief is redundant of Plaintiff's ADA claim against Otsego County. *See Johnson v. New York State Police*, 659 F. Supp. 3d 237, 254 (N.D.N.Y. 2023). Accordingly, Plaintiff's ADA claim is permitted to proceed against Defendants Lincoln and Smith in their official capacities only to the extent it seeks prospective injunctive relief.

[5] As of October 16, 2025, the New York State Andrew Kearse Act is in committee with the New York State Assembly. *See* New York State Senate, Assembly Bill A1745, https://www.nysenate.gov/legislation/bills/2021/A1745.

Having reviewed the Report-Recommendation for clear error and considered Magistrate Judge Lovric's findings as to each claim, the Court adopts the Report-Recommendation in its entirety, except that it dismisses Plaintiff's false arrest and deliberate indifference claims against Defendants Lincoln and Smith in their official capacities with prejudice and without leave to amend and permits Plaintiff's ADA claim to proceed against Defendants Lincoln and Smith in their official capacities only to the extent that Plaintiff seeks prospective injunctive relief.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED** in its entirety except as noted above; and the Court further

**ORDERS** that the Otsego County Sheriff's Office is **DISMISSED from this case with prejudice;** and the Court further

**ORDERS** that Plaintiff's claims pursuant to the New York State Andrew Kearse Act be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's claims of false arrest and deliberate indifference against Otsego County and Defendants Lincoln and Smith in their individual capacities **SURVIVE initial review and require a response**; and the Court further

**ORDERS** that Plaintiff's false arrest and deliberate indifference claims against Defendants Lincoln and Smith in their official capacities be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's ADA claim against Otsego County **SURVIVES initial review and requires a response**; and the Court further

**ORDERS** that Plaintiff's ADA claim against Defendants Lincoln and Smith in their official capacities **SURVIVES initial review and requires a response** to the extent that Plaintiff seeks prospective injunctive relief under the ADA; and the Court further

**ORDERS** that the Clerk shall issue summonses and General Order # 25 and forward them, along with copies of the Complaint, to the United States Marshal for service upon the Defendants; and the Court further

**ORDERS** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court. Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Norther District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by the Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any changes in his address; his failure to do so may result in the dismissal of this action.

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 20, 2025
       Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge